GEORGE STRICKLAND *vs.* ALLEN S. ROLLINS.

Waldo.    Opinion March 15, 1923.

*In a real action to gain possession of land, where plaintiff had foreclosed a mortgage given to him on same real estate, and the equity of redemption having expired, in which mortgage was incorporated, "Except a life lease held by Ida F. Rollins and Allen S. Rollins," (defendant), such language cannot be stricken from the mortgage, and so regarded in the action, even if it were so agreed, as such an agreement could not be enforced in an action at law, but if the insertion of such an exception was an error, it might upon proof, be removed by a procedure for reformation of the instrument.*

. This case is succinctly stated in the plaintiff's brief, as follows:

"On April 2, 1919 the plaintiff took a mortgage from Clyde R. Tilton for the sum of $975.00 on two parcels of real estate in Troy, Maine, with interest at 6 per cent. At the same time and by the same transaction Clyde R. Tilton had received a deed from Allen S. and Ida F. Rollins of the same two parcels of land and at the same time and transaction Clyde R. Tilton gave a mortgage

for support and maintenance to Allen S. Rollins and Ida F. Rollins, who had given him a deed of those two parcels of land at the same time and transaction."

The plaintiff foreclosed his mortgage and the equity of redemption was allowed to expire, whereupon he brought the present action to gain possession of the mortgaged premises. The defendant, however, interposes what is called a life lease contained in the mortgage of Clyde R. Tilton to the defendant and his wife for support, which was incorporated in the plaintiff's mortgage in the following language: "Except a life lease held by Ida F. Rollins and Allen S. Rollins." The plaintiff responds by saying that it was agreed that the exception should be stricken from his mortgage and that it should be so regarded in this case.

*Held:*

1. That even if so agreed, the agreement could not be enforced in an action at law.

2. That the defendant cannot be deprived of his possession of the mortgaged premises as long as the exception remains in the plaintiff's mortgage deed.

On report. A writ of entry to obtain possession of a farm in the town of Troy. Plaintiff had foreclosed a mortgage on the premises which was given to him to secure a loan of $975.00, and the equity of redemption had expired, in which mortgage it was stated that the land was free of all incumbrances "except the life lease held by Ida F. Rollins and Allen S. Rollins." At the time plaintiff's mortgage was given, another mortgage was given by the same party to the defendant and his wife securing to them the right to live on the farm the remainder of their lives, which grant is mentioned in plaintiff's mortgage. Plaintiff contended that the clause in his mortgage referring to a life lease he objected to and it was stricken out at the time of execution; this the defendant denies. By agreement of the parties the cause was reported to the Law Court. Plaintiff nonsuit.

The case is fully stated in the opinion.

*Fremont J. C. Little,* for plaintiff.

*Dunton & Morse,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

SPEAR, J. This is a writ of entry to gain possession of land, by the plaintiff, after he had brought and matured a foreclosure on the premises demanded. The case is succinctly stated in plaintiff's brief, as follows:

"On April 2, 1919 the plaintiff took a mortgage from Clyde R. Tilton for the sum of $975.00 on two parcels of Real Estate in Troy, Maine, with interest at 6 per cent. At the same time and by the same transaction Clyde R. Tilton had received a deed from Allen S. and Ida F. Rollins of the same two parcels of land, and at the same time and transaction Clyde R. Tilton gave a mortgage for support and maintenance to rAllen S. Rollins and Ida F. Rollins, who had given him a deed of those two parcels of land at the same time and transaction.

"On the 5th day of July, 1915, Ida F. Rollins had given a mortgage to one L. L. Rogers for $918.39 as appears by Defendant's Exhibit No. 2, and said Rogers had begun foreclosure on said parcels and the year of redemption had but three days to run to mature on this 2d day of April, 1919."

By examination of these mortgages as made April 2, 1919, it will be seen that each is made subject to the other.

The testimony as taken out and as testified to by the plaintiff shows that when Miss Williston had written the mortgage to the plaintiff and read it over to him, he objected to the phrase "except the life lease held by Ida F. Rollins and Allen S. Rollins," and supposed it had been stricken out, or erased, and had not again thought of it until he started foreclosure, when it was seen there with a line through it. He testifies that he asked her to cross it out and it appears crossed out in this way. The defendant seems to claim that it properly belonged in the mortgage but plaintiff ordering it erased and it so appearing erased in the original mortgage the plaintiff contends that it is so erased and of no consequence. But the facts, fairly considered, do not support the contention of the plaintiff that the exception of the life lease was erased from the original mortgage. The testimony of the scrivener is positive upon this point, and when asked whether those words were stricken out, or attempted to be stricken out, before the instrument was signed and acknowledged, emphatically said, "No sir, they weren't." The defendant also states, that it was understood, as he thought, among them all, when the writings were being made out, that the life lease, as it is called, was made an exception in the plaintiff's mortgage for the purpose of giving him and his wife a home upon the place, and also that Clair, the mortgagor to the plaintiff, should have a home with them. The exception of what is called the life lease, therefore, must be regarded

as written in and retained in the plaintiff's mortgage. The life lease, as it is called, was contained in the mortgage of Clair R. Tilton to the defendant and his wife and provided that "Ida F. Rollins and Allen S. Rollins are to live on the above described premises during the remainder of their life, have the full use of the premises and the privilege of supporting themselves on these premises as long as their physical health enables them to do so." This life lease, accordingly, by the exception in the plaintiff's mortgage, gives it the same force as if incorporated in the mortgage in the language in which it is expressed.

The plaintiff's able and ingenious argument seems to be based upon the last clause of the last paragraph quoted from his brief, . . . . that the exception of the life lease should have been erased and, therefore, upon the evidence, in law, must be regarded as erased and without effect upon the plaintiff's mortgage and his right of possession after the foreclosure. But the difficulty is, that, in a legal process, the exception cannot be expunged from the mortgage, even if the evidence was sufficient to prove that it was placed there by error. The exception is actually in the deed and an action at law cannot reach it. If the insertion of the exception was an error it may, of course, upon proof, be removed by a procedure for reformation of the deed. Although the legal title is obviously in the plaintiff, yet a writ of possession cannot be granted to oust the possession of Ida F. Rollins and Allen S. Rollins, so long as the exception remains in the deed and they choose to live upon the premises, as the exception clearly gives them a right to do.

*Plaintiff nonsuit.*